**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| CAPITAL ONE, N.A., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case. No. _____ |
| | ) |
| PRISCILLA BLOOM, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**<u>NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that, for the reasons set forth below, Defendant PRISCILLA BLOOM files this Notice of Removal to remove the claims against her in this action from the Ninth Judicial Circuit in and for Orange and Osceola County, Florida, captioned **CAPITAL ONE N.A., v. PRISCILLA BLOOM case No: 2024-cc-001555-O,** See **Exhibit O,** to the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1367, 1441(b) and 1446. Removal is made due to there being a diversity of Jurisdiction, as well as a federal question of jurisdiction arising. The grounds for removal per issue are as follows:

**I.     INTRODUCTION AND BACKGROUND**

1. On March 6, 2023, Defendant PRISCILLA BLOOM sent payment to the Plaintiff in the form of a Negotiable Instrument for the amount of $8146.00 on a believed to be outstanding balance. See **Exhibit A.** Payment was sent certified mail return receipt requested. Return receipt was received March 16, 2023. See **Exhibit B**.

2. On March 9, 2023 Capital One credited the account ending 2450 with $5.00.

3. On April 11, 2023 defendant contacted CAPITAL ONE N.A., via phone call to inquire about the status of the Negotiable Instrument tendered for payment. The defendant then

1

spoke with numerous agents on behalf of CAPITAL ONE N.A., concerning the payment error, and requested that the error be corrected, and the full amount of the instrument be honored and credited to the account. The defendant was given the address to a payment dispute center for more information.

4. On April 12, 2023 Notice of Payment Tendered Packet was sent to CAPITAL ONE N.A., and a copy of all documents was sent to the Headquarters in care of CFO Richard D. Fairbank. See **Exhibit C.** A second instrument was offered for settlement of the alleged debt and explicit instructions and federal laws providing for the use of said instruments was cited and provided for clarity. Included in **Exhibit C.**

5. A Non Response letter was received on April 20, 2022 stating unlawful account closure. See **Exhibit D.**

6. On April 21, 2023 Second Notice titled Affidavit of Fault and Opportunity to Cure was sent via certified mail return receipt requested to the plaintiff. See **Exhibit E.**

7. On May 5, 2023 the p responded with a letter addressing the defendants claims with no responsible party named, refusing to honor any prior sent Instruments or request of the defendant, the account holder. See **Exhibit F.**

8. On June 6, 2023 the defendant sent a Final Notice to the Plaintiff numbered NAFF-00211, along with a copy of all notices and copies of all correspondences maintained in the defendants record for an opportunity to remedy the situation. The Plaintiff was made full aware of what laws and rights were being violated by its negligence within these notices. See **Exhibit G, (**also see Exhibits A-F**).**

9.      On June 22, 2023 an undisclosed party from CAPITAL ONE N.A., sent another letter expressing their non acceptance, and non compliance with any of defendants notices or Negotiable Instruments offered for settlement, despite keeping the two presented. See **Exhibit H.**

10.     CAPITAL ONE N.A., and their agents continued to send requests for payment despite the defendants written request not to, and despite my terms for default contained in my notices. On August 14, 2023 the defendant sent a freedom of information act request (FOIA) to the plaintiff with the intent to gain clarity on the nature of the account in subject ending in 2450. The defendant also sent a billing error / deceptive practices notice in response to the balance being requested from PRISCILLA BLOOM the account Holder, in the light of there having been already discharge of the obligation pursuant to Article 3 of the Uniform Commercial Code.  Also included in this mailing was an amended agreement signed by all original parties. See **Exhibit I .** These were sent as a single mailing certified mail return receipt requested. See **Exhibit J.**

## II.    LEGAL ANALYSIS

### A. Federal Jurisdiction and Diversity of Jurisdiction

11.     Pursuant to 28 U.S.C. § 1332, federal diversity jurisdiction is invoked when the parties are citizens of different states and the amount in controversy exceeds $75,000. Here, Plaintiff Capital One, N.A. is a national banking association, while Defendant PRISCILLA BLOOM is a citizen of Florida. The amount in controversy exceeds $75,000, expected in damages contained in breach of Defendants notices, and injury arising from negative reporting on Defendants credit files, thus satisfying the requirements for diversity jurisdiction.

12.	Additionally, federal question jurisdiction arises under 28 U.S.C. § 1331 when a case presents a substantial question of federal law. Defendant's claims involve alleged violations of federal statutes, including but not limited to:

a. Section 29(B) of the Federal Reserve Act, which governs the acceptance of negotiable instruments by banks.

b. Relevant provisions of the Uniform Commercial Code (UCC), such as Sections 3-311, 3-114, and 3-603(b), pertaining to negotiable instruments and obligations thereunder.

c. The Truth in Lending Act (TILA), which mandates transparent credit disclosures.

d. Consumer Financial Protection Bureau (CFPB) regulations, governing fair treatment of consumers by financial institutions.

e. The Electronic Fund Transfer Act (EFTA) and Regulation E, which impose obligations on financial institutions regarding electronic transactions.

f. The Fair Debt Collection Practices Act (FDCPA), prohibiting abusive debt collection practices.

g. The Federal Trade Commission Act (FTC Act), which prohibits deceptive practices in commerce.

**B. Application of Legal Principles to the Facts**

14.	Defendant's tender of the Negotiable Instrument constituted a valid attempt to satisfy the alleged debt obligation, in accordance with federal laws and regulations governing negotiable instruments.

15.	Plaintiff's failure to honor Defendant's Negotiable Instrument may constitute a violation of federal law, including provisions of the UCC and the Federal Reserve Act.

16. Plaintiff's disregard for the amended agreement sent by Defendant raises concerns regarding compliance with federal consumer protection laws, such as TILA, CFPB regulations, EFTA, and FDCPA.

### III. REMOVAL IS PROCEDURALLY PROPER

17. The Middle District of Florida is the federal district in which the Circuit Court of Orange County, Florida - where plaintiff filed their Complaint - is located.

18. The Notice of Removal is timely under U.S.C. § 1446(b), which states that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

19. Written notice of the filing of this Notice of Removal will be provided to plaintiff, and a copy of this Notice will be filed in the appropriate state court, as required by 28 U.S.C. § 1446(a).

20. In filing this Notice of Removal, PRISCILLA BLOOM does not waive any defenses that may be available, including without limiation jurisdiction, venue, standing, or procedures for the disposition of this action in accordance with the law. Nor does the defendant admit any of the factual allegations in the Complaint, rather the defendant expressly reserves the right to consent those allegations at the appropriate time.

### IV. CONCLUSION FOR REMOVAL

21. The plaintiff's refusal to accept the defendant's negotiable instruments not only violates established federal laws and regulations but also raises significant legal concerns. Specifically, their actions may contravene Section 29(B) of the Federal Reserve Act and key provisions outlined in UCC Article 3, including 3-311, 3-114, and 3-603(b), along with

provisions outlined in UCC Article 3, including 3-311, 3-114, and 3-603(b), along with potential violations of the Expedited Funds Availability Act. These breaches of regulatory requirements have direct implications for the debt obligation being raised in state court, potentially discharging it under the law. Therefore, for a fair determination of the plaintiff's rights and just compensation, it is imperative to consider the legal precedents and regulatory framework provided by federal law which directly governs the transactions preceding the plaintiff's final bill to which plaintiff's civil complaint refers to.

2.  Capital One's disregard for the amended agreement sent by the account holder raises significant concerns about their compliance with federal laws. Violations of the Truth in Lending Act (TILA) jeopardize consumer rights by failing to provide transparent credit disclosures. Additionally, disregarding the agreement may run afoul of Consumer Financial Protection Bureau (CFPB) regulations, exacerbating the injustice faced by the account holder. Furthermore, potential breaches of the Electronic Fund Transfer Act (EFTA) and Regulation E arise if the agreement involves electronic transactions, imposing strict obligations on financial institutions. The Fair Debt Collection Practices Act (FDCPA) safeguards against abusive practices, and Capital One's actions may have violated a number these federally derived provisions, compounding the injustice.

WHEEREFORE, for all these reasons, PRISCILLA BLOOM removes the State Court Action to this Court.

Dated: March 18, 2024

Respectfully Submitted,

/s/ *Priscilla Bloom*

Priscilla Bloom
10137 Audubon Trace Ally
Winter Garden Fl, 34787
Priscillabloon@icloud.com