UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAPITAL ONE, N.A.,

      Plaintiff,

v.                                                      Case No: 6:24-cv-534-JSS-EJK

PRISCILLA BLOOM,

      Defendant.

_____/

## ORDER

Plaintiff moves to remand this matter to the Ninth Judicial Circuit in Orange and Osceola Counties, Florida for lack of subject matter jurisdiction. (Motion, Dkt. 9.) Defendant has not opposed the Motion. *See* (Dkt. 17.) Upon consideration, Plaintiff's Motion is granted.

## APPLICABLE STANDARDS

"A defendant may remove 'any civil action brought in a State court of which district courts . . . have original jurisdiction.'" *Phillips v. FedEx Ground Package Sys., Inc.*, No. 23-10005, 2024 WL 1191819, at *2 (11th Cir. Mar. 20, 2024). "Original federal jurisdiction exists where the case arises under federal law, [. . .] or where diversity of citizenship and a sufficient amount in controversy are present." *Kondaur Cap. v. Soler*, No. 20-14263, 2023 WL 356018, at *1 (11th Cir. Jan. 23, 2023). "[T]he removing party bears the burden of showing the existence of federal jurisdiction." *Raintree Vill. Condo. No. 10 Ass'n, Inc. v. Nationwide Mut. Ins. Co.*, No. 8:20-cv-546-MSS-

AAS, 2020 WL 13885248, at *2 (M.D. Fla. Oct. 26, 2020) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).  If it appears that a district court lacks subject matter jurisdiction, "the case shall be remanded."  28 U.S.C. 1447(c). "All doubts must be resolved in favor of remand."  *Am. II Elecs., LLC v. Hayes*, No. 8:20-cv-1496-T-36-JSS, 2020 WL 4345759, at *2 (M.D. Fla. July 29, 2020).

## ANALYSIS

### A.    Diversity Jurisdiction

Plaintiff first argues that the court lacks diversity jurisdiction over this matter because the amount in controversy does not exceed $75,000.  (Dkt. 9.)  In its state court complaint, Plaintiff brings two claims against Defendant, alleging claims for account stated and unjust enrichment  (Dkt. 1-12) based on Defendant's failure to pay the balance on her extension of credit from Plaintiff.  (Dkt. 1-12.)  Plaintiff seeks damages in the amount of $9,314.23 – the principal sum remaining on the account. (*Id.*)  "The sufficiency of the amount in controversy is determined at the time of removal."  *Somai v. Burgess*, No. 8:23-cv-938-CEH-MRM, 2023 WL 4636074, at *2 (M.D. Fla. July 20, 2023) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Moore v. Metro. Prop. & Cas. Ins. Co.*, No. 605-cv-506-ORL-28KRS, 2005 WL 1309310, at *1 (M.D. Fla. May 31, 2005) (quoting *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316,

1319 (11th Cir.2001)). "Additionally, 'the value of declaratory or injunctive relief must be 'sufficiently measurable and certain' to satisfy the amount-in-controversy requirement." *Am. II Elecs., LLC v. Hayes*, No. 8:20-cv-1496-T-36-JSS, 2020 WL 4345759, at *2 (M.D. Fla. July 29, 2020) (citing *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014)). "Conclusory allegations that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such assertion, are insufficient." *Ralph v. Target Corp.*, No. 609-cv-1328-Orl-19KRS, 2009 WL 3200680, at *1 (M.D. Fla. Sept. 30, 2009).

In her Notice of Removal, Defendant asserts that "[t]he amount in controversy exceeds $75,000, expected in damages contained in breach of Defendant[']s notices, and injury arising from negative reporting on Defendant[']s credit files, thus satisfying the requirements for diversity jurisdiction." (Dkt. 1.)  However, Defendant neither provided facts in her Notice of Removal nor identified allegations in Plaintiff's Complaint which could reasonably demonstrate that the amount in controversy exceeds $75,000.  Defendant instead attaches documents related to Plaintiff's attempts to obtain payment and photographs of Postal Money Orders submitted by Plaintiff in the amount of $8,146.  *See* (Dkts. 1-2–1-11.)  Defendant thus fails to demonstrate facts that support the amount in controversy necessary to establish diversity jurisdiction beyond conclusory allegations.

## B.    Federal Question Jurisdiction

Plaintiff further argues that this matter should be remanded because federal question jurisdiction does not exist pursuant to 28 U.S.C. § 1331.  (Dkt. 9.)  "A claim

arises under federal law for purposes of § 1331 when the plaintiff's complaint establishes that federal law either creates the cause of action or that the plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law." *Stone v. Bank of New York Mellon*, N.A., 609 F. App'x 979, 981 (11th Cir. 2015) (citing *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). Here, Plaintiff brings both claims under state law. (Dkt. 1-12.) Although Defendant argues in her Notice of Removal that these claims implicate federal statutes such as the Federal Reserve Act, the Uniform Commercial Code, The Truth in Lending Act, the Consumer Financial Protection Bureau, she provides no facts to support her assertion.[1] *See Velasquez v. Home Depot U.S.A.*, No. 209-cv-120-FtM-UADNF, 2009 WL 10670205, at *1 (M.D. Fla. Apr. 15, 2009) (finding that in cases of uncertainty, courts err in favor of remand) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994)). Accordingly, Defendant has failed to establish that the court has federal question jurisdiction over this matter.

## CONCLUSION

The court is unable to exercise diversity jurisdiction or federal question jurisdiction over Plaintiff's claims and therefore lacks subject matter jurisdiction over this matter. Accordingly:

1. Plaintiff's Motion to Remand (Dkt. 9) is **GRANTED**.

---

[1] Plaintiff also notes that Defendant has not filed an Answer or Affirmative Defenses to the Complaint or filed a Counterclaim. *See* (Dkt. 9.)

2.  This case is **REMANDED** to the Ninth Judicial Circuit in and for Orange and Osceola Counties, Florida pursuant to 28 U.S.C. § 1447(c).

3.  The Clerk of Court shall mail a certified copy of this order to the Clerk of Court for the Ninth Judicial Circuit in and for Orange and Osceola Counties, Florida and thereafter close this case.

    **ORDERED** in Orlando, Florida, on June 25, 2024.

                                                      _____
                                                      JULIE S. SNEED
                                                      UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party